T.C. Memo. 2003-213


UNITED STATES TAX COURT


EDWARD KAZUO OZAKI, Petitioner  v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10677-02.                    Filed July 16, 2003.


Edward Kazuo Ozaki, pro se.

James M. Klein, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined the following defi-
ciencies in, and additions to, petitioner's Federal income tax
(tax):

| Year | Deficiency | Additions to Tax | | |
|------|-----------|-----------------|--------------------|------------------|
|      |           | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1994 | $9,397    | $1,135.00 | --- | $276.79 |
| 1995 | 12,201    | 1,484.08 | --- | 361.11 |
| 1996 | 12,247    | 1,406.70 | $1,563.00 | 349.34 |
| 1997 | 14,220    | 1,593.45 | 1,628.86 | 395.91 |
| 1998 | 15,372    | 1,722.60 | 1,301.52 | 386.40 |
| 1999 | 21,621    | 1,235.03 | 603.79 | 205.78 |
| 2000 | 20,063    | 1,471.95 | 327.10 | 270.37 |

The issues remaining for decision are:[2]

(1) Is petitioner liable for the addition to tax under section 6651(a)(1) for each of the years at issue?  We hold that he is.

(2) Is petitioner liable for the addition to tax under section 6654(a) for each of the years at issue?  We hold that he is.

FINDINGS OF FACT

Most of the facts have been deemed established pursuant to the Court's Order under Rule 91(f) dated February 26, 2003.

At the time petitioner filed the petition in this case, he

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The only determinations in the notices of deficiency for the years at issue that petitioner disputes relate to the additions to tax under secs. 6651(a)(1) and (2) and 6654(a).  Respondent concedes the determinations under sec. 6651(a)(2).  We conclude that petitioner has abandoned contesting any remaining determinations in the notices of deficiency for the years at issue other than the determinations under secs. 6651(a)(1) and 6654(a).

resided in Chicago, Illinois.

Throughout the years at issue until the time of the trial in this case, petitioner, who received a master's degree in music from Northwestern University, has worked as a sales manager and as a singer/composer.

During World War II, when petitioner's mother was 13 years old, and when petitioner's father was 17 years old, the U.S. Government confined each of them and their respective families in certain Government facilities because of their Japanese ancestry. Petitioner's parents made petitioner aware of their respective experiences in those facilities.

The last tax return (return) filed by petitioner was for his taxable year 1991.  Petitioner did not file a return for any of the taxable years at issue, although he received timely one or more Forms W-2, Wage and Tax Statement, and one or more Forms 1099-NEC, Non-Employee Compensation, for each of those years.

No physician or psychologist has made a determination that petitioner suffered from a mental illness or condition that prevented him from complying with the tax laws for the years at issue.

Respondent sent to petitioner a notice of deficiency (notice) for petitioner's taxable years 1994 and 1995, a separate notice for petitioner's taxable years 1996, 1997, and 1998, and a separate notice for petitioner's taxable years 1999 and 2000.  In

those notices, respondent determined that for the years indicated petitioner received the following amounts of taxable income from the following sources:

### Tax Year 1994

| Source | Amount |
|--------|--------|
| Bands and Bows | $1,500 |
| Orchestral Assoc. | 5,425 |
| United Bindery | 39,940 |
| Walt Disney Pictures | 401 |
| 1st Commercial | 83 |
| Total Income | $47,349 |

### Tax Year 1995

| Source | Amount |
|--------|--------|
| Bands and Bows | $800 |
| Orchestral Assoc. | 9,981 |
| Fleur De Lys | 775 |
| United Bindery | 45,700 |
| 1st Commercial | 20 |
| Total Income | $57,276 |

### Tax Year 1996

| Source | Amount |
|--------|--------|
| Bands and Bows | $1,600 |
| Orchestral Assoc. | 7,528 |
| United Bindery | 48,725 |
| 1st Commercial | 15 |
| Total Income | $57,868 |

### Tax Year 1997

| Source | Amount |
|--------|--------|
| Bands and Bows | $1,440 |
| Orchestral Assoc. | 10,729 |
| United Bindery | 51,620 |
| 1st Commercial | 17 |
| Oak Park Temple | 1,080 |
| Total Income | $64,886 |

Tax Year 1998

| Source | Amount |
| --- | --- |
| Orchestral Assoc. | $4,739 |
| United Bindery | 56,061 |
| 1st Commercial | 22 |
| Oak Park Temple | 1,578 |
| St. Ferdinand's | 5,242 |
| Total Income | $67,642 |

Tax Year 1999

| Source | Amount |
| --- | --- |
| Chicago Sinai Congregation | $300 |
| St. Ferdinand's | 1,735 |
| United Bindery | 78,469 |
| Orchestral Assoc. | 7,369 |
| Oak Park Temple | 1,480 |
| 1st Commercial | 28 |
| Total Income | $89,381 |

Tax Year 2000

| Source | Amount |
| --- | --- |
| Chicago Sinai Congregation | $75 |
| United Bindery | 75,175 |
| Orchestral Assoc. | 7,651 |
| Oak Park Temple | 1,630 |
| 1st Commercial | 41 |
| Halevi Choral | 690 |
| Chicago Sinai Congregation | 150 |
| Half Note Music | 29 |
| Total Income | [3]$85,441 |

---

[3]There was a mathematical error in computing the total income of petitioner for the tax year 2000 that appeared in the facts deemed established under Rule 91(f). The correct total income of petitioner for that year, i.e., $85,441, as determined in the pertinent notice, is used here.

OPINION

Petitioner has the burden of proving that respondent's determinations under sections 6651(a)(1) and 6654(a) are wrong.[4] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner claims that his failure to file a return for any of the years at issue and to pay estimated tax for each such year is attributable to his "mental illness caused by failure of U.S. Government to acknowledge that violation of constitutional and civil rights of Japanese Americans during World War 2 has debilitating and demoralizing effects on the child (Edward Kazuo Ozaki) of U.S. concentration camp survivors."

With respect to the determinations at issue under section 6651(a)(1), mental illness or mental incapacity can constitute reasonable cause for the failure to file a return. Williams v. Commissioner, 16 T.C. 893, 906 (1951); see Carlson v. United States, 126 F.3d 915, 922 (7th Cir. 1997) (addressing reasonable cause exception with respect to failure to pay tax under section 6651(a)(2)). However, if the taxpayer is able to exercise

_____

[4]The record does not disclose when respondent commenced an examination of each of the years at issue. We proceed on the assumption that respondent's examination of each of those years commenced after July 22, 1998, and that sec. 7491(c) is applicable in the instant case.

The record establishes that petitioner did not file a tax return or pay estimated tax for any of the years at issue. We conclude that respondent has satisfied respondent's burden of production under sec. 7491(c).

ordinary care and prudence with respect to nontax matters, the claimed mental illness or mental incapacity does not constitute reasonable cause.  See Carlson v. United States, supra at 923.

Except for his self-serving testimony, on which we are unwilling to rely, petitioner has introduced no evidence establishing that he had a mental illness or mental incapacity which prevented him from filing a return for each of the years at issue.  In fact, the record establishes that, throughout the years at issue until the time of the trial in this case, petitioner has worked as a sales manager and as a singer/composer and has almost doubled his income throughout that period.  On the record before us, we find that petitioner has failed to carry his burden of proving that he suffered from a mental illness or mental incapacity which prevented him from filing a return for each of the years at issue.  On that record, we further find that petitioner has failed to prove that he is not liable for the addition to tax under section 6651(a)(1) for each of those years.

With respect to the determinations at issue under section 6654(a), on the record before us, we find that petitioner has failed to show that any of the exceptions in section 6654(e) apply in the instant case.  On that record, we further find that petitioner has failed to prove that he is not liable for the addition to tax under section 6654(a) for each of the years at issue.

To reflect the foregoing, respondent's concession, and the issues deemed abandoned by petitioner,

<u>Decision will be entered</u>

<u>under Rule 155</u>.