T.C. Memo. 2007-36

UNITED STATES TAX COURT

EDWARD KAZUO OZAKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22808-05L.          Filed February 20, 2007.

Edward Kazuo Ozaki, for petitioner.

Gregory Stull, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court under sections
6320 and 6330(d) to review a determination of the Commissioner's
Office of Appeals (Appeals) sustaining respondent's filing of a
lien on petitioner's property.[1]  Respondent filed the lien as to

_____

[1] Unless otherwise noted, section references are to the
(continued...)

Federal income taxes that respondent considers to be owed by petitioner for 1994 through 2000. Following a trial on the propriety of the lien, we sustain the determination of Appeals.

FINDINGS OF FACT

Most facts were stipulated. We find the facts accordingly. When the petition was filed herein, petitioner resided in Chicago, Illinois.

Petitioner received notices of deficiency for 1994 through 2000, and he petitioned this Court with respect thereto. On July 16, 2003, the Court sustained respondent's determinations in the notices of deficiency, as modified by respondent's concession. See Ozaki v. Commissioner, T.C. Memo. 2003-213. Respondent assessed the resulting amounts and mailed to petitioner a notice and demand for payment of those amounts.

On January 12, 2005, respondent mailed to petitioner a notice advising petitioner that respondent had filed a Notice of Federal Tax Lien for the subject years and that petitioner had as to this filing a right under section 6320 to a hearing with Appeals. Petitioner requested that hearing on February 4, 2005. The request essentially alleged that petitioner had a mental condition and had suffered racial injustice that entitled him to relief from the lien. On October 18, 2005, Appeals held a

[1](...continued)
applicable versions of the Internal Revenue Code.

telephonic hearing with petitioner during which he repeated the aforementioned allegations.  On November 3, 2005, Appeals issued to petitioner the notice of determination underlying this case.  That notice of determination sustained respondent's filing of the tax lien.  On December 2, 2006, petitioner petitioned the Court with respect to the notice of determination alleging as his sole ground for error "Racism by the Court".

                              OPINION

     Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  Section 6320 provides further that the taxpayer may request that Appeals review the matter in an administrative hearing.  Pursuant to section 6330(c)(2)(A), as made applicable by section 6320(c), a taxpayer may raise at the hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

     Appeals held the requisite hearing with petitioner and issued its determination sustaining the propriety of the lien.  Because petitioner received notices of deficiency for the subject years, and hence is precluded from challenging his underlying tax

liabilities for those years, see sec. 6330(c)(2)(B), we review Appeals' determination for an abuse of discretion, see <u>Sego v. Commissioner</u>, <u>supra</u> at 610. Petitioner claims no specific abuse of discretion on the part of Appeals in making its determination, nor do we find any such abuse. As we understand petitioner's sole position in this case, he claims that he has a mental condition (similar to paranoia) resulting from racial injustice against his ancestors and that this condition and injustice entitle him to relief from the lien. Those allegations, however, do not establish that Appeals abused its discretion as to any part of the determination at issue. We sustain Appeals' determination in its entirety. We have considered all arguments made by petitioner for a contrary holding and found those arguments not discussed herein to be without merit. To reflect the foregoing,

<u>Decision will be entered for respondent</u>.